UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CATHERINE GANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-10356-MPK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR SPOLIATION SANCTIONS**

Plaintiff Catherine Gannon ("Plaintiff" or "Gannon") seeks sanctions for the supposed "loss and/or destruction" of video footage depicting her fall at the Roslindale Post Office. As discussed below, however, the relevant footage was never destroyed or lost, and has, in fact, been supplied to the Plaintiff. This motion should be denied.

RELEVANT FACTS

On June 5, 2013, Gannon walked into the Roslindale Post Office wearing sunglasses and carrying a cane. She fell down, and was attended to by another customer, who had entered in front of her. After standing up for a moment, she fell again. This time, she was assisted by a window clerk. An ambulance was called, and Gannon was transported to the hospital.[1] Two or three days later, postal employees Scott Chambers and Elizabeth Cooper viewed surveillance video of the incident.[2] Cooper testified that the surveillance video was run and maintained by

---

[1] *See* Elizabeth Cooper's Narrative Report ("Cooper Narrative"), attached as Exhibit 1.

[2] *See* Deposition of Scott Chambers ("Chambers Depo," excerpts attached as Exhibit 2), at 66:6-67:7.

the United States Postal Inspection Service, which does not reside in the building.[3]  Chambers

testified that Cooper had a monitor in her office, and that he rewound the videotape two or three

days after the incident to allow Cooper and him to see what was captured.[4]  A copy of the

incident was preserved as a digital video file.  The video file shows the period of time just before

Gannon entered the Post Office, and ends just after her second fall.[5]  Gannon mailed an

administrative claim on or about May 29, 2015, two years later.  The video file was provided to

Plaintiff in discovery.  Subsequently, Plaintiff served a Rule 30(b)(6) deposition notice, seeking

the original videotape.  To date, Defendant has not been able to identify any Postal Inspection

Services employee with first-hand knowledge of the video footage taken more than three years

ago.

ARGUMENT

This Court has held that spoliation is the "intentional, negligent, or malicious destruction

of relevant evidence."  *Gordon v. DreamWorks Animation SKG, Inc*., 935 F.Supp.2d 306, 313

(D. Mass. 2013).  To find spoliation, a court must find five elements: (1) an act of destruction;

(2) discoverability of the evidence; (3) an intent to destroy the evidence; (4) occurrence of the act

at a time after suit has been filed, or, if before, at a time when the party is on notice that evidence

may be relevant to potential litigation; and (5) prejudice to the moving party. *Id*.; *Porcal v.*

*Ciuffo*, 2011 WL 6945728 at *2 (D. Mass. 2011) (*citing McGuire v. ACUFEX Microsurgical,*

---

[3] *See* Deposition of Elizabeth Cooper ("Cooper Depo.," excerpts attached as <u>Exhibit 3</u>),
at 24:25-25:7.

[4] Chambers Depo., at 66:6-67:7.

[5] Cooper Depo., at 29:11-33:6.

*Inc.*, 175 F.R.D. 149, 153 (D. Mass. 1997) (internal citations omitted).  The First Circuit has

summarized the doctrine of spoliation as follows:

> … [A] trier of fact may (but need not) infer from a party's obliteration of
> evidence relevant to a litigated issue that the contents of the evidence were
> unfavorable to that party.  But cases are not decided on theory alone.
> Before an inference of spoliation may be drawn, its proponent must show at
> a bare minimum that the opposing party had notice of a potential claim and
> of the relevance to that claim of the destroyed evidence. And there is an
> even more rudimentary requirement: the party urging that spoliation has
> occurred must show that there is evidence that has been spoiled (*i.e.*,
> destroyed or not preserved).

*Gomez v. Stop & Shop Supermarket Co*., 670 F.3d 395, 399 (1st Cir. 2012) (internal quotation

marks and citations omitted).  Plaintiff bears the burden of showing that spoliation occurred.

*See United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010), *cert. denied*, 131 S. Ct. 998

(2011).  "In general, the instruction usually makes sense only where the evidence permits a

finding of bad faith destruction; ordinarily, negligent destruction would not support the logical

inference that the evidence was favorable to the [non-destroying party]." *Id.*

No inference of spoliation is warranted here for two reasons.  First, as is evident from

Plaintiff's motion, the videotape evidence was not destroyed.  Both Chambers and Cooper

testified that they reviewed the videotape—the very videotape Plaintiff's counsel showed the

witnesses at their depositions—two or three days after Gannon's accident.  The videotape that is

preserved begins as Gannon enters the foyer of the Post Office, and continues, uninterrupted,

until after she falls for the second time.  In other words, the video shows the entire event that

forms the basis for this litigation, from beginning to end.  Plaintiff, therefore, cannot satisfy the

"rudimentary requirement" of showing that evidence was, in fact, spoiled.  *Gomez v. Stop &
Shop Supermarket Co.*, 670 F.3d at 399.

Secondly, even if the video had been destroyed (which it was not), Gannon cannot meet the other "minimum" requirement:  that the Post Office had notice of a potential claim.  *Id.* Cooper and Chambers reviewed the relevant video data of Plaintiff's fall and made the decision to preserve it, even though the Post Office was not on notice of a potential lawsuit.  At that time, Plaintiff had not yet filed her administrative tort claim or her lawsuit.   Once a lawsuit was filed (three years later), the Post Office produced the video of the event.  There was no spoliation.

Oddly, Plaintiff seems to suggest that spoliation exists because Cooper, in her deposition, refused to agree with counsel's assertion that the "subject floor mat was in a hazardous condition before the Plaintiff's accident."  *See* Plaintiff's Motion at p. 4.    Rather, Cooper, having been shown the beginning of the video several times, testified that she was "not a hundred percent sure" that the edges were wrinkled.[6]   The witness is entitled to testify to her own observations and impressions; Plaintiff is not entitled to dictate to the witness what she observed or did not observe.  The trier of fact in this case will be the Court, since the FTCA does not provide for a jury trial, and the Court will be able to observe and come to its own conclusion regarding the condition of the mat in question.  Plaintiff's requested sanction, that Cooper not be allowed to disagree with Plaintiff's counsel about the condition of the mat, is unreasonable and unwarranted, and should be denied.

---

[6] Cooper Depo., at 33:11-14.

CONCLUSION

For the reasons set forth herein, Plaintiff has not shown and cannot show that a finding a spoliation is warranted in this case or that corrective action is necessary.  Defendant respectfully requests that the Court deny Plaintiff's motion for spoliation sanctions.

Respectfully submitted,

United States of America, Defendant,

By its attorney,
WILLIAM D. WEINREB,
Acting United States Attorney

By:    */s/ Shelbey D. Wright*
Shelbey D. Wright, BBO NO. 562180
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated:  February 22, 2017    Shelbey.Wright@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Shelbey D. Wright*
Shelbey D. Wright
Dated: February 22, 2017    Assistant United States Attorney